UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN REICHERT, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JUNIPER NETWORKS, INC., et al.,<br><br>  Defendants. | Case No. 21-cv-06213-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 41 |

The motion to dismiss, Dkt. No. 41, is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing set for April 28, 2022, is vacated. The parties' familiarity with the record is assumed, and the motion is denied.

Plaintiffs allege that defendants Juniper Networks and affiliated entities (Juniper) mismanaged a defined contribution plan, namely an employee 401(k) plan, by paying unreasonably high fees for plan services, choosing high-priced investments over options with lower costs and better returns, not monitoring the plan adequately, and not disclosing plan information to participants. Dkt. No. 38 (Am. Compl.). Plaintiffs say this conduct violated Juniper's fiduciary duty of prudence under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*.

Plaintiffs have plausibly alleged the ERISA claims. The amended complaint provides a wealth of factual allegations about the management of the plan, including data that compares Juniper's service fees and investment choices to other options. These facts are more than enough to plausibly allege violations of Juniper's duty of prudence, *see Hughes v. Northwestern Univ.*, 142 S.Ct. 737, 742 (2022), *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015), and allow the Court "'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

*Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1127 (N.D. Cal. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1]

To be sure, Juniper disputes the allegations in the complaint, and attached almost 500 pages of exhibits to that effect with the motion to dismiss. *See* Dkt. No. 41-1. Juniper did not ask for judicial notice or otherwise explain why the Court should take into account, for a Rule 12(b)(6) motion, exhibits that are well beyond the amended complaint. In any event, the Court declines to consider them at this stage of the case. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1001 (9th Cir. 2018). Juniper will have ample opportunity at trial or other merits proceedings to make its case.

Plaintiffs have Article III standing for the ERISA claims. They alleged personal losses as plan participants, and have sued for relief on behalf of the plan as a whole under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2). This is enough to demonstrate standing. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 732-33 (9th Cir. 2009); *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 710 F.3d 57, 67 n.5 (2d Cir. 2013) (standing established under Section 502(a)(2) for claims alleging injuries to the plan); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009) (same).

As a closing note, plaintiffs' opposition brief exceeded the page limits in the Court's standing order by a substantial amount. All parties and counsel are advised that future filings that do not conform to the standing orders will be summarily terminated and not considered by the Court.

**IT IS SO ORDERED.**

Dated: April 27, 2022

JAMES DONATO
United States District Judge

---

[1] Our circuit recently followed *Hughes* and *Tibble* to sustain complaints in similar ERISA cases. *See Kong v. Trader Joe's Co.*, No. 20-56415, 2022 WL 1125667, at *1 (9th Cir. Apr. 15, 2022) (unpublished); *Davis v. Salesforce.com, Inc.*, No. 21-15867, 2022 WL 1055557, at *1 (9th Cir. Apr. 8, 2022) (unpublished). Although unpublished, these memorandum decisions are instructive.