UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN REICHERT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JUNIPER NETWORKS, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-06213-JD<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants Juniper Networks, Inc., the Board of Directors of the Juniper Networks, Inc., and the Investment Committee of Juniper Networks, Inc. ("Defendants"), relating to the management of the Juniper Networks, Inc. 401(k) Plan ("Juniper Plan"). Dkt. No. 1.

The Court denied without prejudice a prior application for preliminary approval of a class settlement. Dkt. No. 65. The parties filed a revised application, Dkt. No. 66, which addressed the Court's concerns. This is order is based a proposed order lodged by the parties and modified according to the Court's practices and conclusions. Counsel are advised that some dates and deadlines have been changed. Unless stated otherwise, capitalized terms take the meaning stated in the Class Action Settlement Agreement dated November 7, 2022, and attached as Exhibit A to the Declaration of Paul Secunda. Dkt. No. 66-4.

1. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel. The Settlement was negotiated after Class Counsel had received pertinent information and documents from Defendants. Class Counsel and the Class Representatives have submitted declarations in support of the Settlement.

2. The Court finds that the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class. A hearing is set for January 18, 2024, at 10:00 a.m., in Courtroom 11 of the United States District Court for the Northern District of California, 19th floor, on these issues:

    a. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    b. Whether the Court should enter the Final Approval Order, and

    c. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

3. The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement, with fees and costs not to exceed $50,000.00. The Settlement Administrator will be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator. The Settlement Administrator will use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose. The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information pursuant to the Settlement Administration Data Protection Checklist of the Northern District of California.

4. The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1): All participants and beneficiaries of the Juniper Networks, Inc. 401(k) Plan beginning August 11, 2015, and running through the date of preliminary approval of the settlement. The Court appoints Brian Reichert and Derek Deviny as representatives for the Settlement Class. Further, the Court appoints Walcheske & Luzi, LLC as counsel for the Settlement Class.

5. The Settling Parties have presented to the Court the Settlement Notice, which is the proposed forms of notice regarding the Settlement for mailing to Class Members.

      a. The Court approves the text of the Settlement Notice and finds that the proposed forms and content therein fairly and adequately:

          i. Summarize the claims asserted;

          ii. Describe the terms and effect of the Settlement;

          iii. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, the Independent Fiduciary's fees, and Case Contribution Awards;

          iv. Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

          v. Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, the Independent Fiduciary's fees, or Case Contribution Awards.

      b. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notice and mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

      c. The Settlement Administrator will send by first-class mail the appropriate Settlement Notice to each Class Member within seventy-five (75) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plan's recordkeeper. The Settlement Notices will be mailed by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee). The Settlement Administrator will use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

      d. On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator will establish a Settlement Website and telephone support line as

provided by the Settlement Agreement. The Settlement Administrator will post a copy of the Settlement Notices on the Settlement Website.

6. Class Counsel and Local Counsel will file a request for attorneys' fees and costs, settlement administrative expenses, and case contribution awards, sixty (60) days before the Fairness Hearing.

7. Objections to any aspect of the Settlement will be heard by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least thirty (30) calendar days prior to the Fairness Hearing.

8. A party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9. The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

**IT IS SO ORDERED.**

Dated: September 15, 2023

JAMES DONATO
United States District Judge