UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN REICHERT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JUNIPER NETWORKS, INC., et al., <br><br> Defendants. | Case No. 21-cv-06213-JD <br><br> **ORDER RE FINAL SETTLEMENT APPROVAL; ATTORNEY'S FEES AND COSTS; AND CLASS REPRESENTATIVE AWARDS** |

This litigation arose out of alleged breaches of fiduciary duties by defendants Juniper Networks, Inc., the Board of Directors of the Juniper Networks, Inc., and the Investment Committee of Juniper Networks, Inc. (Defendants), relating to the management of the Juniper Networks, Inc. 401(k) Plan, in violation of the Employee Retirement Income Security Act of 1974 (ERISA). Dkt. No. 38 (Am. Compl.). On September 15, 2022, the parties advised the Court that they had reached a settlement. An application for preliminary approval of the settlement was denied without prejudice, Dkt. No. 65, and a revised application was approved on September 15, 2023. Dkt. Nos. 70, 71. The Court held a fairness hearing on January 18, 2024, and no objections to the settlement were filed before the deadline. Dkt. No. 73. For the reasons below, the Court approves the Settlement.[1]

The Court also heard argument on plaintiffs' motion for attorney's fees and costs, which sought $900,000 of the $3 million settlement fund for Class Counsel, as well as over $100,000 in various expenses and class representatives' incentive awards. Dkt. No. 72. The Court advised

---

[1] For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement, Dkt. No. 59-3.

plaintiffs that the fee requests were outsized and insufficiently supported, and directed plaintiffs to file a supplemental statement in support of the fee requests. Dkt. No. 74. The revised motion reduced the attorney's fees request to $750,000, and disclosed an error in calculating the original request for expenses, resulting in significant savings for the class. *See* Dkt. No. 75; Dkt. No. 75-3 ¶¶ 9-10. The revised motion reduces the class representative fee request from $5,000 to $4,000. Dkt. No. 75. The fee motion is approved in part.

This is order is based a proposed order lodged by the parties and modified according to the Court's practices and conclusions.

## I. **SETTLEMENT**

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

2. The Court finds that all applicable CAFA requirements have been satisfied.

3. The Court retains jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

4. The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement only: All participants and beneficiaries of the Juniper Networks, Inc. 401(k) Plan beginning August 11, 2015, and running through the date of preliminary approval of the settlement. The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

5. Pursuant to Rules 23(e)(1)(A) and (C), the Court approves and confirms the Settlement and the terms therein as fair, reasonable, and adequate to the Plan and the Class Members. The Court orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics, the Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable and re-mailed Settlement Notices to those Class Members. In addition, pursuant to the Class Action

1  Fairness Act, 28 U.S.C. § 1711, et seq. ("CAFA"), notice was provided to the Attorneys General
2  for each of the states in which a Class Member resides and the Attorney General of the United
3  States.

4      7.    The form and methods of notifying the Class Members of the terms and conditions
5  of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due
6  process, and constituted the best notice practicable under the circumstances; and due and sufficient
7  notices of the Fairness Hearing and the rights of all Class Members have been provided to all
8  people, powers and entities entitled thereto, consistent with Rule 23 and due process.

9      8.    The Court finds that the Settlement is fair, reasonable, and adequate, based on the
10 following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

11     A.    The Settlement resulted from arm's-length negotiations by experienced and
12 competent counsel;

13     B.    The Settlement was negotiated after Class Counsel had received pertinent
14 information and documents from Defendants;

15     C.    The Settling Parties were positioned to evaluate the value of the Class
16 Action;

17     D.    If the Settlement had not been achieved, both Plaintiffs and Defendants faced
18 the expense, risk, and uncertainty of extended litigation;

19     E.    The amount of the Settlement ($3,000,000.00) is fair, reasonable, and
20 adequate. The Settlement amount is within the range of reasonable settlements that would have
21 been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of
22 litigation, and settlements that have been approved in other similar cases;

23     F.    The Class Representatives and Class Counsel have concluded that the
24 Settlement Agreement is fair, reasonable, and adequate;

25     G.    Class Members had the opportunity to be heard on all issues regarding the
26 Settlement and release of claims by submitting objections to the Settlement Agreement to the
27 Court; and

28     H.    There were no objections to the settlement.

1       I.      The Settlement was reviewed by an independent fiduciary, Fiduciary
Counselors, LLC, who has approved the Settlement.

        9.      This Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

        10.     The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be: (1) conclusively deemed to have, and by operation of the Settlement Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims; and (2) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members actually received the Settlement Notices, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

        11.     The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be: (1) conclusively deemed to have, and by operation of the Settlement Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims; and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

12. The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

13. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each eligible Current Participant and Former Participant pursuant to the Amended Plan of Allocation approved by the Court.

14. With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

15. Within twenty-eight (28) calendar days following the issuance of all Settlement payments to Class Members as provided by the Amended Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution.

16. Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

## II. ATTORNEY'S FEES AND COSTS

1. The revised request for $750,000, which represents 25% of the Gross Settlement Amount and a 3.65 multiplier of counsel's current lodestar, is not reasonable or appropriate in the circumstances of this case. Settlement was driven in part by a change in law outside of this litigation, and was reached early with minimal work required of counsel. Although there is some practice of awarding 25% of a settlement in attorney's fees, this is by no means a rule of law or required in any way. The lodestar cross-check indicates that a 25% award here substantially overvalues the actual work counsel for plaintiffs put in. Consequently, the Court concludes that a lodestar multiplier of 2 on the expected lodestar is warranted given the overall settlement and

1  additional projected work to be performed, and Class Counsel is awarded $373,715 in attorney's
2  fees from the common fund.  *See* Dkt. No. 72-3, Exh. B; Dkt. No. 72-3 ¶ 25.

3      2.    A 25% portion of the attorney's fees award will be held back pending further order,
4  to be issued after counsel have filed the post-distribution accounting required by the District's
5  Procedural Guidance on Class Action Settlements.  This means that $280,286.25 is authorized for
6  disbursement from the common fund upon entry of this order.

7      3.    Class Counsel will also be reimbursed $10,560 for litigation expenses incurred;
8  $39,388 in settlement administration expenses; and $15,000 for independent fiduciary fees, upon
9  entry of this order.

### III. CLASS REPRESENTATIVES

1.  Plaintiffs' original requests for $5,000, and revised requests for $4,000, for named plaintiffs Brian Reichert and Derek Deviny, are unreasonable.  This Court awarded, and our circuit approved, $5,000 awards for class representatives in a long-running consumer class action in which they were deposed twice and filed declarations attesting that they had spent 55-60 hours in service of the litigation.  *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 634 (N.D. Cal. 2021), *aff'd*, No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022).  Nothing of the kind occurred here.  Plaintiffs Reichert and Deviny were not deposed, and only one hour in the time entries submitted by Class Counsel relates to "discovery" and "Plaintiffs."  *See* Dkt. No. 72-3, Exh. A.  *See also* Dkt. Nos. 66-7 & 66-8 (stating that plaintiffs Reichert and Deviny reviewed the complaint and settlement agreement and provided information and documents to counsel).

2.  The class representatives will be awarded $2,000 each.

**IT IS SO ORDERED.**

Dated: February 5, 2024

_____
JAMES DONATO
United States District Judge